**AMBER CONSTRUCTORS, INC. and Travelers Indemnity Company, Appellants,**

v.

**LINDY DENNIS AIR CONDITIONING, INC., Appellee.**

**No. 5787.**

Court of Civil Appeals of Texas, Waco.

May 11, 1978.

Rehearing Denied June 1, 1978.

Richard W. Alexander and Bob Kuhn, Kuhn, Collins & Rash, Austin, for appellants.

Ted Hollen, Austin, for appellee.

HALL, Justice.

In 1975, appellant Amber Constructors, Inc. (Amber), was the general contractor for the renovation of the Academic and Administration Building of Navarro College located in the City of Corsicana. In August of that year appellee Lindy Dennis Air Conditioning, Inc. (Lindy), entered into a written contract with Amber under which Lindy was to do certain insulation and acoustical ceiling work on the college building for Amber for the total price of $13,700.00. Lindy commenced work under the contract. In May, 1976, because of disputes Amber was having with other workers on the job and because the work was not proceeding on schedule, Amber asked Lindy to leave the job with the understanding that Lindy would be paid for the work it had done under the contract. At that time, Lindy had received $1,300.00 for insulation work previously completed under the contract. The parties were unable to agree on the balance due. Lindy then brought this suit against Amber and against appellant Travelers Indemnity Company (Travelers). In the first count of its petition, Lindy sought recovery against Amber in the amount of $11,376.71 for breach of the contract. Alternatively, Lindy alleged that Travelers had issued and was surety on a Payment Bond executed by Amber pursuant to the provisions of Article 5160, Vernon's Tex. Civ.St., for the protection of claimants supplying labor and material on the Navarro College job; that Lindy had complied with the notice provisions of the statute; and that, under the terms of the statute, Lindy was entitled to recover $12,400.00 as the reasonable value of completed work on the contract for which it had not been paid, plus reasonable attorneys' fees in the amount of $5,000.00, jointly and severally against Amber and Travelers, for which prayer was made. Amber and Travelers answered with a general denial, allegations to the effect that it was Lindy who breached the contract thereby causing Amber to expend $7,607.00 to complete Lindy's work, and a prayer for an offset of that amount against any award allowed Lindy.

Trial was to a jury. Answering special issues numbered as follows, the jury made these findings:

1. When Lindy was asked by Amber to leave the job Lindy had incurred expenses for labor and materials under the contract totaling $7,400.00.

2. If Lindy had been permitted to complete the contract it would have made a profit of $3,580.00.

3. The reasonable value of materials furnished and work completed by Lindy when it was asked to leave the job was $10,582.00.

4. The work and materials referred to in special issue number 3 were furnished by Lindy pursuant to the terms of the contract.

5. Lindy was attempting in good faith to perform its obligations under the contract when it was asked to leave the job.

6. A reasonable attorney's fee for legal services necessarily rendered in representing Lindy in the trial court is $3,000.00.

7. $1,500.00 is a reasonable attorney's fee for Lindy's representation in the Court of Civil Appeals in the event the case is appealed.

8. The material Lindy ordered sent to the jobsite was the material installed by Lindy's workers.

Amber and Travelers moved for judgment *non obstante veredicto* that Lindy take nothing asserting (1) that the jury's answer to special issues 1, 3, 4 and 8 should be disregarded because they were without any support in the evidence, and (2) that because of certain particularized deficiencies in the pleadings and the proof, Lindy failed to bring itself within the beneficial provisions of Article 5160, Vernon's Tex. Civ.St. Lindy filed its motion for judgment in which it asked the court to either (1) disregard the jury's answers to special issues 1 and 2 and render judgment for it on the remaining verdict for $10,582.00 damages, plus $3,000.00 attorney's fees, plus an additional $1,500.00 attorney's fees in the event of an appeal; or (2) to disregard the answers to special issues 3, 6 and 7, and render judgment for it on the remaining verdict for $10,980.00 damages. The court granted the first count in Lindy's motion for judgment, disregarded the answers to the first two special issues, and rendered judgment in favor of Lindy against Amber and Travelers, jointly and severally, for the sum of $13,582.00, plus an additional $1,500.00 in the event of an appeal. Amber and Travelers appeal. We affirm.

It is asserted by appellants that the evidence is both legally and factually insufficient to support the jury's answer to special issue 3; and that the evidence is also legally insufficient to support the answer to special issue 4.

Lindy's ceiling mechanic who did the work in question testified that when Lindy was removed from the job the total work required under the contract was forty to forty-five percent finished. The manager of Lindy's acoustical installation department was also called as a witness. He is Lindy's job estimator. He testified that he is also field supervisor on all of Lindy's jobs, and that he is responsible for the acoustical and insulation work. He personally keeps a file on each job. He was shown to be thoroughly familiar with the costs and values of materials and labor for acoustical and ceiling work and the particular job in question, and it was he who had purchased the materials for the job and ordered them sent to the jobsite. He was familiar with the plans and specifications under the contract with Amber. He testified that assuming the work under the contract was forty percent completed its value would be $12,155.00. He testified, too, that because of Lindy's good credit rating, its ability to order in large quantities, and the use of direct shipping to its jobsites, it gains an advantage not accorded other ceiling contractors of about twenty percent on the cost of its materials. The value figure he gave did not include this discount. There is no evidence that materials other than those ordered by him were used on the job, and the only inference to be gleaned from the record is that only those materials were actually used by Lindy on the job.

The evidence we have recited is legally sufficient to support the jury's answers to

issues 3 and 4. Under the whole record, which we need not detail, we hold also that the evidence is factually sufficient to support the answer to issue 3.

In its pertinent parts at the time Amber and Lindy executed the contract in question, Article 5160 provided that a general contractor who entered into a formal contract in excess of $2,000.00 with the State or any governmental or quasi-governmental authorities of the State including "any county of this State" for the construction, alteration or repair of any public building or the prosecution or completion of any public work was required to execute a Payment Bond with a corporate surety in the amount of the contract "solely for the protection of all claimants supplying labor and material." Provision was also made for an award of attorneys' fees in the event it was necessary for a claimant to sue to enforce his claim. Travelers asserts that the record does not support the judgment against it and the resulting attorney's fees under Article 5160 because there is no evidence that Amber's contract was with the State, and because there is no evidence that Travelers had executed a Payment Bond under the job in question. These contentions are overruled.

James Butler is an estimator and field supervisor for Amber. It was he who executed the contract with Lindy on behalf of Amber. He testified directly that Amber was general contractor on the renovation job, that the architect in charge of the project was employed and paid by Navarro County, and that it was necessary for Amber to secure the architect's approval of work done before Amber was paid for the work. The architect's representative on the job was called as a witness by Amber. He testified on direct examination by Amber as follows: "Q. And on the job, such as the one that Amber Constructors had with Navarro County, who do you hold responsible for having this work done right? A. The superintendent of the job, and the general contractor. Q. In this case, that was Amber Constructors? A. Yes." By the parties' stipulation and by letters in evidence the record shows that Lindy filed its claim "pursuant to [Article 5160]" with both Amber and Travelers. Travelers responded by letter as follows: "We acknowledge, without prejudice to any and all rights and defenses under our bond, receipt of [your claim]. We are reviewing the circumstances surrounding your claim with our principal and anticipate that a satisfactory solution will be reached in the near future. Please feel free to contact The Travelers if you have any additional information or feel that no progress is being made toward settlement of this matter."

The evidence we have recited is legally sufficient to establish that Amber's contract for the renovation project at Navarro College was with Navarro County, and Travelers had executed a Payment Bond on the project in accordance with the provisions of Article 5160.

Appellants have other points and contentions. None present reversible error under the record. All are overruled.

The judgment of the trial court, including the award to Lindy of $1,500.00 as attorney's fees for this appeal, is affirmed.